UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL WARD, #128267,**

    **Petitioner,**

                                         **Civil No: 06-CV-13948**
                                         **Honorable Arthur J. Tarnow**
                                         **Magistrate Judge Donald A. Scheer**

**v.**

**STATE OF MICHIGAN, et. al.,**

    **Respondent.**

___

**OPINION AND ORDER DENYING PETITIONER'S MOTION
FOR RECONSIDERATION REGARDING TRANSFER
OF SUCCESSIVE PETITION & DENYING MOTION
FOR IMMEDIATE RELEASE FROM CUSTODY ON BOND**

**I. Introduction**

This is a habeas corpus case filed *pro se* pursuant to 28 U.S.C. §2254. This matter is pending before the Court on two motions filed by the Petitioner: (1) "Motion for Reconsideration and to Recall Opinion/Order Transferring Successive Petition;" and (2) "Motion for Immediate Release from Custody on Bond." The Court previously reviewed Petitioner's history of habeas filings with the federal courts; and on November 22, 2006 found the habeas petition was successive. Therefore, an order was entered transferring the case to the United States Court of Appeals for the Sixth Circuit. While the above stated motions were pending before this Court, the Sixth Circuit entered an order on May 31, 2007, which was subsequently filed with this Court on June 4, 2007, denying Petitioner's motion to consider his second or successive habeas petition.

## II. Discussion

### A. "Motion for Reconsideration and to Recall Opinion/Order Transferring Successive Petition"

U.S. Dist. Ct. Rules, E.D. Mich. 7.1(h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Hence v. Smith,* 49 F.Supp.2d 547, 550-51 (E.D. Mich. 1999). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication" shall be denied. *Id.*

In his reconsideration motion, Petitioner claims that his habeas petition is not successive because one of the issues set forth in his petition (i.e., "fundamental due process-delay") has not been adjudicated on the merits. It is his position that habeas petitions which contain issues not previously "heard or decided" cannot be considered a second or successive petition. (Reconsideration Motion, pg. 5)

The Court noted in the transfer order that Petitioner was challenging the same April 7, 1981 conviction as the one challenged in his 2004 habeas petition. The Court further stated that Petitioner raising new and different claims relative to the same conviction is not relevant. The issue is whether the current petition is challenging the same conviction as was in dispute in the previous habeas petition. 28 U.S.C. §2244(b)(3). Since the Court already dealt with this issue in its initial transfer order, Petitioner is merely presenting the same issues ruled upon by the Court, thus requiring the denial of his reconsideration motion. Morever, the fact that the Sixth Circuit did not reject the Court's finding that the habeas petition was second or successive supports the fact that this Court

did not commit palpable error in its categorization of the habeas petition as being the same.

### B. "Motion for Immediate Release from Custody on Bond"

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *28 U.S.C. § 2244(b)(3)(A)*. Absent such an order from the court of appeals, a federal district court lacks jurisdiction to entertain a successive habeas corpus petition. *McQueen v. Patton,* 118 F.3d 460, 461 (6th Cir.1997).

The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). Therefore, this Court lacks jurisdiction to consider Petitioner's habeas petition or any motions filed therein when prior authorization for filing the successive petition has not been obtained from the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). Since the Sixth Circuit has denied Petitioner authorization to file his habeas petition and Petitioner's request for reconsideration has been denied, this Court continues to lack jurisdiction to review any aspect of this habeas matter.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion for Reconsideration and to Recall Opinion/Order Transferring Successive Petition"[Doc. #6-1, filed December 11, 2006] is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Immediate Release from Custody on Bond" [Doc. #7-1, filed January 10, 2007] is **DENIED** for lack of jurisdiction.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary